## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Laura Gutierrez,

                    Plaintiff,                    Case No. ___22-CV-1108___

   v.

Fareva Morton Grove, Inc.,

                    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Laura Gutierrez ("Plaintiff"), brings this action against Defendant Fareva Morton Grove, Inc. ("Defendant"), and in support thereof, states as follows:

### Introduction

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993, title 29 USC § 2601, *et. seq.*, ("FMLA"), as amended. Plaintiff seeks damages for their retaliatory discharge, including but not limited to, lost back and front pay, liquidated damages, past and future, emotional distress and punitive damages and reasonable attorneys' fees and costs.

### Jurisdiction, Venue, and Parties

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337, and/or 29 U.S.C. § 2917(a)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant operated its business in Morton Grove, Illinois, and Plaintiff worked for Defendant Morton Grove, Illinois.

4. Plaintiff is an individual who resides in Chicago, Illinois. Plaintiff worked for Defendant Morton Grove, Illinois, from approximately 2007 until November 1, 2021.

5. Defendant is a Corporation authorized to do business in Illinois, formed and existing under the laws of the State of Delaware, and at all times material to this complaint, maintained and operated a business in Morton Grove, Illinois.

**Facts**

6. Defendant is a cosmetics manufacturer business and private sector employer; at all times relevant, it has employed over 50 employees in 20 or more workweeks in the current or previous calendar year.

7. Defendant is engaged in commerce or an industry affecting commerce.

8. On or about the last week of September 2021, Plaintiff requested family or medical leave from Defendant because her mother was seriously ill and dying.

9. On all days in September 2021, Plaintiff had been employed by the defendant for at least one year and they had worked at least 1,250 hours during the previous 12-month period.

10. Thirty days advance notice was not possible because the foreseeable situation had changed and/or Plaintiff did not know exactly when leave will be required.

11. Plaintiff provided notice of the need for his leave as soon as possible and practical by informing Defendant's HR department that she needed leave pursuant to the FMLA to care for her dying mother. Defendant's HR department denied FMLA leave, but instead granted Plainitff a thirty (30) day absence, substantially less than the twelve weeks afforded by the FMLA.

12. Defendant did not specifically approve Plaintiff's request for leave under the FMLA .

13. Between the end of September 2021 and November 1, 2021, Plaintiff contacted Defendants' HR department several times and left messages informing it that she needed more than thirty days off because her mother was seriously ill and dying. Finally, on November 1, 2021, Plainitff spoke to an actual person in Defendant's HR department. This HR person told Plaintiff that if she did

not return to work on November 2, 2021 she was fired. Plaintiff did not return to work on November 2, 2021 and her employment was terminated. On November 4, 2021, Plaintiff's mother passed away.

14. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's leave of absence between the end of September 2021 and November 2, 2021, which absence was well within the twelve weeks granted by the FMLA, and Plaintiff gave appropriate notice of her need for leave to Defendant.

15. Defendant violated Plaintiff's rights under the FMLA because it terminated Plaintiff's employment in retaliation for not returning to work while she was caring for her dying mother.

16. Defendant interfered with, restrained, or discriminated against Plaintiff on or about late September 2021 to November 1, 2021 because it denied Plaintiff's valid and necessary requests for FMLA leave.

17. Defendant knowingly, intentionally, and willfully violated plaintiff's rights because Plaintiff specifically informed Defendant that she was seeking FMLA leave to care for her mother; and instead of granting her FMLA leave, Defendant restricted her to a 30 day "leave of absence" while knowing that she was entitled to twelve weeks leave under the FMLA.

18. Plaintiff has been damaged by Defendant's violation of the FMLA, including loss of backpay after their employment was terminated, and any front pay resulting from lost wages, compensation, or other benefits. Additionally, Plaintiff is seeking liquidated damages totaling the all lost backpay, front pay, interest, and any other damages allowable under the FMLA because Defendant lacked a good faith belief to deny Plaintiff any FMLA leave.

**Request for Relief**

**WHEREFORE**, Plaintiff Laura Gutierrez requests that judgment be entered in their favor and against Defendant Fareva Morton Grove, Inc. for the following relief:

a. Damages under 29 U.S.C. § 2617(a)(1)(A)(i)(I) for any wages, salary, employment benefits, or other compensation denied or lost because of defendant's wrongful conduct;

b. Interest under 29 U.S.C. § 2617(a)(1)(A)(ii);

c. Liquidated (double) damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Such equitable relief under 29 U.S.C. § 2617(a)(1)(B) or the FMLA as may be appropriate, including employment, reinstatement, and/or promotion;

e. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

f. For any such other relief as the Court may find proper, whether at law or in equity.

**Plaintiff(s) request trial by jury for all counts where allowed**

Laura Gutierrez

s/Daniel I. Schlade
**Justicia Laboral LLC**
**Daniel I. Schlade (IL Bar # 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-550-3775
E: dschlade@justicialaboral.com;
danschlade@gmail.com